UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN C. MCDOUGALL and CAROL B. MCDOUGALL,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES W. HOBBS and RAGLE, INC.,<br><br>Defendants. | Case No.: 3:21-cv-123 |

## NOTICE OF REMOVAL

Defendant Ragle, Inc., by counsel, hereby removes the above-entitled civil action from the Superior Court of Vanderburgh County, Indiana to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, for the following reasons:

1. On March 19, 2021, Plaintiffs, John C. McDougall and Carol B. McDougall, filed a complaint in the Superior Court of Vanderburgh County, Indiana, styled as John C. McDougall and Carol B. McDougall v. Charles W. Hobbs under Case No.: 82D07-2103-CT-001352. On July 23, 2021, Plaintiffs were granted leave to amend the complaint adding Ragle, Inc. as a party Defendant. The amended complaint along with the other filings constituting the entire state record to date is attached hereto as Exhibit A and a copy of the chronological case summary is attached hereto as Exhibit B.

2. In this lawsuit, Plaintiffs have sued Defendants for negligence and seek the recovery of compensatory damages with pre-judgment interest, attorney's fees, and costs arising from a motor vehicle accident on March 29, 2019 in Evansville, Indiana.

3. According to the amended complaint, both Plaintiffs sustained bodily injuries "with that of Mrs. McDougall being the most severe". According to medical records, both Plaintiffs

were taken via ambulance to the emergency department and Mrs. McDougall was diagnosed with a broken sternum and right 4th rib.  As a result of the bodily injuries, Plaintiffs "have suffered and will continue to suffer pain, suffering, mental anguish, inconvenience and loss of consortium."  Plaintiffs also allege severe temporary and permanent physical and functional limitations caused by the accident.  Additionally, Plaintiffs allege that they have incurred and may continue to incur medical bills and expenses.  Undersigned is aware of billed medical expenses of over $33,000 for Mrs. McDougall's treatment alone.

4. Plaintiff has *not* yet served a summons with a copy of the complaint upon Ragle, Inc.'s registered agent.

5. This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant, Ragle, Inc., pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6. Plaintiffs are citizens of Kentucky. (Ex. A, p. 37, ¶1).

7. Defendant Charles W. Hobbs is a citizen of Indiana. (Ex. A, p. 37, ¶2).

8. Defendant Ragle, Inc. is a citizen of Indiana. (Ex. A, p. 38, ¶3).

9. Under 28 U.S.C. § 1441(b)(2), commonly known as the Forum Defendant Rule, an action that is removable solely on the basis of diversity jurisdiction may not be removed "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added).  Here, the Forum Defendant Rule does not apply to bar removal because Ragle, Inc., an in-state Defendant, has not been "properly

joined and served." *Whipkey v. Eli Lilly & Co.*, No. 1:20-cv-00450-SEB-MPB, 2020 U.S. Dist. LEXIS 105275 (S.D. Ind. June 12, 2020).

10. Removal is also timely as Ragle has filed this Notice of Removal within 30 days of being served with the Summons and Complaint. Indeed, as noted above, Ragle has not yet been served.

11. Under 28 U.S.C. § 1332(a), diversity jurisdiction requires an amount in controversy that exceeds $75,000, exclusive of interest and costs. With the claimed injuries and damages as noted above, Ragle has a good faith basis that the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. Venue is proper for removal to this Court pursuant to 28 U.S.C § 1391 because the Vanderburgh Superior Court, where the Amended Complaint was filed, is a state court within the Southern District of Indiana, specifically the Evansville Division.

13. On July 30, 2021, a notice of this filing will be filed in the Superior Court of Vanderburgh County, Indiana via the Indiana State Court electronic filing system and will be served upon all known counsel in that case. A copy of that notice is attached hereto as <u>Exhibit C</u>.

WHEREFORE, Ragle, Inc., by counsel, respectfully give notices that this civil action is removed to this Court from the Circuit Court of Vanderburgh County, Indiana.

Respectfully submitted,

*/s/ Alex M. Beeman*_____
Alex M. Beeman (31222-49)
**REMINGER CO., L.P.A.**
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-663-8570/ F: 317-228-0943
abeeman@reminger.com
*Counsel for Ragle, Inc.*

## CERTIFICATE OF SERVICE

  I certify that the foregoing document has been electronically filed using the United States District Court's CM/ECF system on this 30th day of July, 2021, and that a copy of the foregoing document was sent via first-class, U.S. mail, postage pre-paid to:

| | |
|---|---|
| Charles Edward Clem | Matthew C. Robinson |
| NEEL, WILSON & CLEM | Seth M. Lahn |
| 9 South Main Street | YARLING ROBINSON LLC |
| Henderson, KY 42420 | 151 North Delaware Street #1535 |
| | Indianapolis, IN 46204-2596 |

         */s/ Alex M. Beeman*_____
         Alex M. Beeman (31222-49)
         James P. Scheidler (31497-49)
         **REMINGER CO., L.P.A.**